IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:07-cr-121-MEF |
| | ) | |
| MARK G. PERRY | ) | |

**<u>ORDER</u>**

On October 1, 2008, the defendant filed an unopposed Second Motion to Continue Trial (Doc. #36).  While the granting of a continuance is left to the sound discretion of the trial judge, *United States v. Warren*, 772 F.2d 827, 837 (11th Cir. 1985), the court is, of course, limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161.  The Speedy Trial Act provides generally that the trial of a defendant in a criminal case shall commence within 70 days of the latter of the filing date of the indictment or the date the defendant appeared before a judicial officer in such matter.  18 U.S.C. §3161(c)(1).  *See United States v. Vasser*, 916 F.2d 624 (11th Cir. 1990).

The Act excludes from this 70 day period any continuance that the judge grants "on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."  18 U.S.C. § 3161(h)(8)(A).

On October 2, 2008, the Court held a status conference.  The United States of America represented to the Court that it plans to offer Rule 404(b) testimony at trial.  Defense counsel stated that it needs additional time beyond the presently set trial date to investigate such testimony.  Without additional time, defense counsel states that he will not be able to

effectively advise the defendant in this case. Counsel for the government does not oppose a continuance. Consequently, the court concludes that a continuance of this case is warranted and that the ends of justice served by continuing this case outweighs the best interest of the public and the defendant in a speedy trial. *See United States v. Davenport*, 935 F.2d 1223, 1235 (11th Cir. 1991) (reasonable time necessary for effective preparation is a significant factor for granting a continuance under the Speedy Trial Act).

Accordingly, it is hereby ORDERED:

1. The Order (Doc. #37) entered on October 2, 2008 is VACATED;

2. That the defendant's motion (Doc. # 36) filed on October 1, 2008 is GRANTED;

3. That the trial of this case is continued from the October 14, 2008 trial term to the February 23, 2009 trial term in Dothan, Alabama.

4. That the Magistrate Judge conduct a pretrial conference prior to the February 23, 2009 trial term and enter a new pretrial conference order.

DONE this the 3rd day of October, 2008.

                                                  /s/ Mark E. Fuller
                                      CHIEF UNITED STATES DISTRICT JUDGE